In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Lisa Christian Braswell, #272815,** ) | |
| ) | Civil Action No. 9:07-0754-CMC-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **State of South Carolina and** ) | **OF THE MAGISTRATE JUDGE** |
| **Judy Anderson, Warden Graham** ) | |
| **Correctional Institution,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.   INTRODUCTION

The Petitioner, Lisa Christian Braswell ("Petitioner" or "Braswell"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which she seeks must be based upon a finding that she is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C., this court has jurisdiction over the matter. The above-named Respondents have filed a motion for summary judgment. [8]

## II.   *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L.

No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

### A.  Proceedings in the Court of General Sessions

At the September 2000 term of court, the Petitioner was indicted in Abbeville County for felony DUI which resulted in the death of Edward W. Davis.  On February 12-14, 2001, Petitioner's case was called for trial before the Honorable Joseph J. Watson and a jury.  Petitioner was represented by C. Rauch Wise, Esquire.  The jury convicted Petitioner as charged and Judge Wise sentenced Petitioner to twelve (12) years in prison.  (App. p. 299).

Petitioner timely served and filed a notice of appeal.  Salley G. Calhoun, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal.  On December 5, 2001, Petitioner filed her Final Brief of Appellant, in which she presented the following issues for review:

> I.    Did the trial judge err in failing to grant appellant's motion for a directed verdict at the close of the state's case and the entire case in that taking the evidence in the light most favorable to the state, the state failed to introduce evidence upon which a jury could find that appellant did an act forbidden by law or neglect a duty imposed by law which proximately caused her boyfriend's death?
>
> II.   Did the state prove the "Copus Delicti," [sic] that the death resulted from criminal agency of another, under circumstances that excluded an inference of accident, and Aliunde the incriminating statements of the accused?
>
> III.  Should appellant's first statement to police have been suppressed as not being intelligently made when it was taken while she was intoxicated and still hysterical over the fact of the recent death of her boyfriend?
>
> IV.   Should appellant's second statement have been suppressed as not having been intelligently made when police did not inform appellant that her status after the first statement had changed to primary, sole suspect?
>
> V.    Should the state be permitted to introduce oral statements allegedly made immediately after the finalization of the second written statement (before which Miranda rights were administered) allegedly in response to police interrogation about the crime and were not spontaneous nor answers to questions unrelated to the crime when they were never reduced to writing, never made part of the police case file, never acknowledged by the defendant and given under circumstances that cast grave doubt on their reliability and whether they were given understandingly?

Final Brief of Appellant, Tab #2, p. 1.

The State filed its Final Brief of Respondent on May 16, 2002. (Tab #3) On April 8, 2003, the South Carolina Supreme Court affirmed Petitioner's conviction. *State v. Braswell*, Unpublished Opinion No. 2003-UP-256 (S.C..Sup.Ct., filed April 8, 2003). (Tab #4) The Petitioner did not seek review in the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on April 25, 2003. (Tab #5)

### B. Petitioner's Application for Post-Conviction Relief

On July 11, 2002, while the direct appeal was still pending, the Petitioner filed a *pro se* application for post-conviction relief ("PCR") (2002-CP-01-197) (App. Tab #6), in which she alleged the following grounds for relief:

> (a) The State failed to introduce any compotent [sic] evidence which a jury could find me guilty beyond a Reasonable Doubt;
>
> (b) The State did not prove the death of Edward Davis resulted from a criminal agency or corpus delicti;
>
> (c) My first statement should have been suppressed due to the fact it was not intelligently made due to the fact it was taken while I was intoxicated and very hysterical due to the recent death of my boyfriend under harrowing circumstances;
>
> (d) My second statement should have been suppressed as not being intelligently and understandingly made because I was not informed by police that I was now the sole suspect after my first statement was given;
>
> (e) Oral statements should have been suppressed due to the fact that these statements were never reduced to writting [sic] and were never part of the case file. Also oral statements were unwittingly made; not understandingly, the result of police chicancery [sic] and of dubious reliability. Oral statements were susposedly [sic] made after the finalization of written statements and Miranda rights.
>
> (f) No Breathalyzer test or Blood test were given to see what my Blood Alcohol Level was to determine exactly how intoxicated I realy [sic] was. No such test were ever refused by myself.
>
> (g) Mentally Unstable;
>
> (h) Ineffective representation by counsel.

(Tab #6, p. 3)

Stephen D. Geoly, Esquire, represented Petitioner in the action. On February 6, 2003, the matter came before the Honorable Wyatt T. Saunders, who dismissed the action finding the direct appeal was still pending. (April 10, 2003 Order of Dismissal Without Prejudice).

On July 10, 2003, Petitioner filed a second PCR application, and alleged the following:

(a) Insufficient Counsel;

(b) Conflict of Interest;

(c) No proof of Corpus Delicitus [sic];

(d) First statement not intellectual [sic] made due to my high emotion and being hysterical;

(e) Second statement not intellectual [sic] made due to not being informed of change from witness to prime suspect;

(f) Death did not result from negligence or any criminal act;

(g) No oral statements were made part of the case file;

(h) No blood test or breath test was administered.

(PCR App. pp. 306 and 311)

Thomas E. Hite, Jr, Esquire, represented Petitioner in the action. On September 21, 2004, the State made its return to the application. (PCR App. pp. 314-317) On November 1, 2004, an evidentiary hearing into the matter before the Honorable William P. Keesley. On October 31, 2005, Judge Keesley filed an Order in which he denied relief and dismissed the PCR Application without prejudice. (Tab #7) Petitioner appealed the denial of relief. (PCR App. p. 359-361).

Katherine H. Hudgins, Assistant Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on September 15, 2006, and raised the following issue:

> Did the PCR court err in failing to address the issue of whether counsel was ineffective in failing to move to have the court excuse for cause a juror who was close friends with the victim's family and one of the State's witnesses?

(Cert. Pet., p. 2).

The State filed its return to the petition on November 29, 2006. The appeal is still pending before the Supreme Court of South Carolina.[1]

## IV. FEDERAL COURT HISTORY

The Petitioner is presently incarcerated in the Camille Griffin Graham Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on March 5, 2007 against the above-captioned Respondents, State of South Carolina and Judy Anderson, Warden of Graham Correctional Institution (collectively, the "Respondents").[2] [1] In her *pro se* Petition, Petitioner has raised the following grounds for relief:

Ground One:     Insufficient Counsel/Conflict of Interest

Ground Two      No proof of Corpus Delicti Aliunde

Ground Three    First Statement made was under extreme hysteria and emotion

Ground Four     No blood test or breathalyzer to indicate alcohol level

Ground Five     There were oral statements that were used in testimony but were never documented during the investigation . . . .

Ground Six:     My second statement was recorded and used even though I was never notified of my change of status...

---

[1] Per July 27, 2007 telephone status request to Ms. Janet Johnson, PCR Administrative Assistant, Supreme Court of South Carolina. Ms. Johnson stated that the case was transmitted to a staff attorney on December 12, 2006.

[2] In *habeas corpus* cases, the Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition. In this case, the court has examined the envelope attached to Petitioner's Petition and has determined that the Petition was delivered to the correction institution mailroom on October 31, 2006.

> Ground Seven: A psychological for me was done shortly after.  It said a lot of psychological and emotional issues were going on it also read that I was mental incompetent with mentally impaired, emotionally disturbed...

(Habeas Petition [1], pp. 9-11).

On March 21, 2007, the undersigned issued an Order which informed all parties that Petitioner had the benefit of the holding of *Houston v. Lack* with respect to the filing date of the Petition.[3]  The Order also authorized service upon the Respondents, apprised the Respondents of the deadline for filing dispositive motions, and notified Petitioner of the change of address rule. [4]  Thereafter, on May 14, 2007, the Respondents filed their Motion for Summary Judgment, and their Return and Memorandum to the Petition.  [8; 7]  The undersigned issued an Order filed on May 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying the Petitioner of the summary judgment dismissal procedure and the possible consequences if she failed to respond adequately to the Respondents' Return.[4]  [9]  On June 4, Petitioner filed her Response to the Respondents' motion for summary judgment.  [11]

## V.  DISCUSSION

### A.  Exhaustion of State Court Remedies

As a threshold matter, the court recommends dismissal of Petitioner's Petition at this time because Petitioner's writ of certiorari with the South Carolina 's Supreme Court regarding her PCR action is presently pending before the South Carolina Supreme Court;

---

[3] It is not clear to the court as to the reason that Petitioner believes that the Court misstated the Petitioner's filing date as November 8, 2006.  *See* Petitioner's Motion/Objection pursuant to Rule 60(a) and Rule 1, F.R.C.P. [7]; *see also* Petitioner's Affidavit attached to his Response in opposition to Respondents' Motion for extension of time [11], at unnumbered page 4, Item 14.  The court notes that the Attorney General's office acknowledged receipt of the Petition on November 8, 2006.  [5]

[4] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

therefore, the Petitioner has not yet exhausted her state court remedies. It is well-settled that relief under Section 2254 may be had only after a *habeas* petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in *habeas*. Claims not so raised are considered defaulted." *Breard v. Green*, 523 U.S. 371, 375 (1998), *citing Wainwright v. Sykes*, 433 U.S. 72 (1977); *see also* 28 U.S.C. § 2254(b). Thus, if claims were never reviewed by the highest court in South Carolina, those claims will be barred and cannot be considered by the Court.

The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions. *See generally, O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The court's exhaustion requirements under Section 2254 are explained in *Matthews v. Evatt*, 105 F.3d 907, 910-911 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] (Citations omitted)

Indeed, a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. "[F]air presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d at 911.

In the present case, the Petitioner has not completely exhausted her available state remedies because his petition for a writ of certiorari in her PCR remains pending. It is recommended that the court not maintain this case on its docket while the Petitioner is

exhausting her state court remedies. *See Littlejohn v. Crocker*, 2007 WL 601764 (D.S.C. February 21, 2007), *citing Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"); *Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, (1994) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."). Therefore, it is recommended that the Petition be dismissed, without prejudice, at this time.

## RECOMMENDATION

It is recommended that Petitioner's Petition **[1] be dismissed without prejudice**, and that Respondents' motion for summary judgment **[8] be denied** to the extent it seeks dismissal of this petition with prejudice.

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

July 30, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).